UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RUHEL CHOWDHURY, | : | **Hon. William J. Martini** |
| Petitioner, | : | |
| | : | Civil No. 10-2532 (WJM) |
| v. | : | Civil No. 11-3511 (WJM) |
| | : | |
| ERIC H. HOLDER, et al., | : | **OPINION** |
| Respondents. | : | |

IT APPEARING THAT:

1. On May 21, 2010, Ruhel Chowdhury, confined at the Bergen County Jail in Hackensack, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his pre-removal-period detention in the custody of the Department of Homeland Security ("DHS"). Petitioner argued: (1) he is not subject to mandatory detention under 8 U.S.C. § 1226(c) because his New York larceny conviction dated April 23, 2009, does not constitute an aggravated felony under that statute; (2) he is not subject to mandatory detention under 8 U.S.C. § 1226(c) because his criminal defense attorney was constitutionally ineffective in failing to accurately advise him that his guilty plea to grand larceny would subject him to removal; and (3) Petitioner's mandatory detention pursuant to 8 U.S.C. § 1226(c) since July 1, 2009, violates procedural and substantive due process. Respondents filed an Answer and the record, and Petitioner filed a Reply.

2. On February 25, 2011, this Court dismissed the Petition, finding that Petitioner's detention was mandated by 8 U.S.C. § 1226(c). (Docket Entry Nos. 12, 13.) This Court found

1

that, even if criminal defense counsel was ineffective in failing to properly advise Petitioner of the immigration consequences of his guilty plea [1], same has no effect on the applicability of § 1226(c)(1)(B) where the conviction is final on direct appeal and no court has vacated the conviction on post-conviction relief or other collateral attack. However, this Court noted in a footnote: "If Petitioner's conviction is vacated pursuant to a post-conviction motion or other collateral attack, then it may no longer provide a basis for his removal. See Pinho v. Gonzales, 432 F. 3d 193, 210 (3d Cir. 2005); Sawkow v. Immigration and Naturalization Service, 314 F.2d 34, 37 (3d Cir. 1963)." (Docket Entry #12, p. 12.)

3. On March 10, 2011, Petitioner filed a motion to reopen the case. (Docket Entry #14.) In support of the motion, Petitioner filed copies of a motion that he had filed on March 7, 2011, in the New York Supreme Court to vacate the larceny conviction, pursuant to C.P.L. 440.10, on the ground that, due to ineffective assistance of counsel, the guilty plea to larceny (on which Petitioner's removal and mandatory detention rested) was not voluntary. (Docket Entry Nos. 14, 15.) Petitioner's motion papers show that the motion to vacate the New York larceny conviction was based on the following: (a) the attorney who represented Petitioner at the time he entered the guilty plea incorrectly advised Petitioner that the entry of a guilty plea would have no immigration consequences; and (b) the person who represented himself to Petitioner and the New York court as an attorney named Roger Fidler, was not in fact Roger Fidler, but was a disbarred attorney named Betram Brown. According to the attorney who represented Petitioner on the

---

[1] See Padilla v. Kentucky, ___ U.S. ___, 130 S. Ct. 1473 (2010) (holding that when the deportation consequence of a guilty plea could easily be determined from reading the removal statute, deportation is presumptively mandatory, and defense counsel incorrectly advises the alien that the guilty plea will not result in removal, attorney's performance is deficient under the first prong of Strickland v. Washington, 466 U.S. 668 (1984)).

2

motion to vacate the conviction: "Subsequent to the taking of the plea an imposition of sentence, Defendant [Chowdhury] determined that his attorney was actually [] one Betram Brown, who at the time that he represented defendant was disbarred. As an affidavit from Roger Fidler indicates, Mr. Brown has impersonated him on several occasions and engaged in the unlawful and unlicensed practice of law. Further, Mr. Fidler swears under oath that he never represented defendant, nor was he anywhere in the vicinity of the Queens Criminal Courthouse on any of the days that Mr. Brown appeared on defendant's case." (Affidavit of John P. .Devaney, dated Mar. 30, 2011, at Docket Entry #15-1, p. 11).

4. On May 13, 2011, Petitioner filed a letter informing this Court that: (a) on October 15, 2010, the Immigration Judge denied his applications for asylum, withholding of removal, and Convention Against Torture, and ordered him removed based on the April 23, 2009, larceny conviction under New York Penal Law § 155.40(1), see 8 U.S.C. § 1227(a)(2)(A)(iii); (b) Petitioner appealed to the Board of Immigration Appeals; (c) on May 5, 2011, the Board of Immigration Appeals dismissed his appeal (with a dissent). (Docket Entry Nos. 16, 17.)

5. On June 10, 2011, Petitioner informed this Court by letter that on June 6, 2011, the New York Supreme Court, County of Queens, granted his motion to vacate the April 23, 2009, larceny conviction, and entered an order vacating the larceny conviction and convicting Petitioner of a misdemeanor - criminal trespass 2, PL 140.15. (Docket Entry #18.) Petitioner attached a copy of the order in New York v. Chowdhury, Docket No. 01382-2008. Id.

6. By Order entered June 17, 2011, this Court construed the motion to reopen and subsequent docket entries (Docket Entry Nos. 14-18) as a new petition for habeas corpus under 28 U.S.C. § 2241 challenging Petitioner's detention in the custody of the Department of

Homeland Security on the ground that his detention is no longer authorized by federal statute and the Due Process Clause of the Fifth Amendment because on June 6, 2011, the New York Supreme Court vacated the conviction supporting Petitioner's detention, based on the merits of the criminal proceeding, i.e., Petitioner's plea was not voluntary because counsel who represented him at the plea was constitutionally ineffective. (Docket Entry #19.) See Chowdhury v. Holder, Civil No. 11-3511 (WJM) order (D.N.J. June 17, 2011). The Order directed the Clerk to open a new case and docket the motion to reopen and Petitioner's subsequent filings (Docket Entry Nos. 14-18) in the new case as a new habeas petition against the same respondents as named in this action, file the Order as the second docket entry in this new case, serve the hew petition upon respondents and upon the Chief of the Civil Division of the United States Attorney in Newark, New Jersey.

7. This Court ordered Respondents to show cause within 10 days of the date of the entry of the Order why a writ of habeas corpus should not issue directing Petitioner's release from detention because the underlying factual predicate - his New York larceny conviction - has been vacated. The Order noted that this Court has jurisdiction to order Petitioner's release from detention under 28 U.S.C. § 2241, see Nnnadika v. Attorney General of U.S., 484 F. 3d 626 (3d Cir. 2007); Bonhometre v. Gonzales, 414 F. 3d 442, 445-46 (3d Cir. 2005), but it lacks jurisdiction under the Real ID Act to vacate Petitioner's order of removal, see Khouzam v. Attorney General of U.S., 549 F. 3d 235 (3d Cir. 2008); 8 U.S.C. § 1252(a)(4). However, this Court noted that, if Petitioner desired to challenge the order of removal, the proper procedure was to file a motion to reopen his removal in the Board of Immigration Appeals, pursuant to 8 C.F.R. § 1003.2 (within 90 days of the BIA's May 5, 2011, decision), on the ground that he is no longer

4

subject to removal for committing an aggravated felony, see 8 U.S.C. § 1227(a)(2)(A)(iii), because his New York larceny conviction has been vacated based on defects in the criminal proceeding. See Cruz v. Attorney General, 452 F. 3d 240, 246 (3d Cir. 2006) ("A motion to reopen [before the Board of Immigration Appeals] is the proper means for an alien who has been ordered removed due to a conviction to challenge his removal after that conviction is vacated"); Matter of Rodriguez-Ruiz, 22 I.&N. Dec. 1378 (BIA 2000) (a conviction that has been vacated pursuant to Article 440 of the New York Criminal Procedure Law does not constitute a conviction for immigration purposes within the meaning of section 101(a)(48)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(48)(A)); see also Matter of Pickering, 23 I.&N. Dec. 621 (BIA 2003); Saleh v. Gonzales, 495 F. 3d 17 (2d Cir. 2007). Alternatively, this Court emphasized that, since the BIA has the authority to sua sponte reopen Petitioner's removal proceeding and the DHS could itself move to reopen the proceeding, see 8 C.F.R. 1003.2(a), same may be the more efficient route. See Cruz, 452 F. 3d at 246 n.3.

8. The Clerk entered the Order on June 17, 2011. (Docket Entry #19 in Civil No. 10-2532 (WJM) & Docket Entry #2 in Civil No. 11-3511 (WJM)). In accordance with Local Civil Rule 5.2, this Order was presumably served electronically on Respondents' attorney on June 17, 2011. See Local Civ. R. 5.2.

9. Respondents filed no papers opposing Petitioner's release, the time to file opposition expired on June 28, 2011, and Respondents did not seek an extension of time to oppose Petitioner's release.

10. "[A]n alien whose convictions vacated on collateral attack because the alien's trial counsel was ineffective under the Sixth Amendment, no longer stands 'convicted' for

5

immigration purposes." Pinho v. Gonzales, 432 F. 3d 193, 210 (3d Cir. 2005). This Court finds that Petitioner's New York larceny conviction was vacated by the Supreme Court of New York on June 6, 2011, based on a defect in the underlying criminal proceedings, i.e. ineffective assistance of plea counsel.

11. Because the underlying factual predicate of Petitioner's detention - his New York grand larceny conviction - has been vacated, this Court holds that his detention is no longer statutorily authorized by the otherwise applicable statute, 8 U.S.C. § 1231(a)(6). Moreover, if Petitioner's detention continues to be statutorily authorized, then his detention violates the Due Process Clause of the United States Constitution. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001) ("[W]here detention's goal is no longer practically attainable, detention no longer 'bear[s] [a] reasonable relation to the purpose for which the individual [was] committed'") (quoting Jackson v. Indiana, 406 U.S. 715, 738 (1972)). This Court will accordingly grant Petitioner a Writ of Habeas Corpus ordering Respondents to immediately release him from confinement.

12. An appropriate Order accompanies this Opinion.

WILLIAM J. MARTINI, U.S.D.J.

Dated: June 29, 2011